IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| Anthony Bailey, | C/A No.: 8:22-cv-3702-SAL |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| Well Path, | |
| Defendant. | |

    This matter is before the court for review of the January 4, 2023, Report and Recommendation (the "Report") of United States Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b)(1)(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 17.] In the Report, the Magistrate Judge recommends summarily dismissing this case for failure to assert a plausible claim for relief or a cognizable cause of action under 42 U.S.C. § 1983. *Id.* at 5–8. The Magistrate Judge further outlines Plaintiff's failure to prosecute and failure to comply with this court's orders pursuant to Rule 41 of the Federal Rules of Civil Procedure and recommends dismissal on that alternative basis, as well. *Id.* at n.1. The docket reflects the Magistrate Judge issued multiple proper form orders alerting Plaintiff to the deficiencies in his complaint and advising him that those issues needed to be corrected in order for him to avoid dismissal of his case. [ECF Nos. 5, 10, 12.] On January 4, 2023, the Magistrate Judge issued her Report, recommending summary dismissal. [ECF No. 17.] On January 9, 2023, the court received a complaint and an amended complaint from Plaintiff, and both documents were dated November 23, 2022. [ECF Nos. 20, 21.] On January 19, 2023, a court order that had been sent to Plaintiff was returned as undeliverable. [ECF No. 24.] That court order had been mailed the day after the Report was mailed. [See ECF

1

Nos. 16, 17, 18, 19.] Thus, it is unclear if Plaintiff received the Report—it has not been returned undeliverable, but also Plaintiff has not filed objections to the Report. The time for Plaintiff to file objections has passed.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

As set forth above, Plaintiff has not filed objections to the Report. Thus, there are no specific objections that this court need address, and the court may review the record for clear error. To that end, the court has reviewed the recently-filed complaint, ECF No. 20, and amended complaint, ECF No. 21, neither of which fully addresses the deficiencies that Plaintiff had been alerted to in the Magistrate Judge's order regarding amendment, ECF No. 12. [*See* ECF Nos. 20, 21.] For example, the Magistrate Judge advised Plaintiff that, even under the standard requiring a liberal construction of Plaintiff's *pro se* complaint, Plaintiff's allegations were cursory and insufficient to assert a plausible claim for relief under § 1983.[1] [ECF No. 12 at 4.] Plaintiff failed to allege

---

[1] Of note, the Magistrate Judge's order regarding amendment, issued November 29, 2022, and her later Report, issued January 4, 2023, are similar in that both documents advise Plaintiff of his failure to state a for relief under § 1983. [*Cf.* ECF Nos. 12, 17.] While the Report is more detailed, Plaintiff had notice of the potential basis for summary dismissal well before the Report was issued.

specific facts as to the Defendant's actions or offer much information other than a general allegation that he had suffered nerve damage and had been forced to take medication. *Id.* at 5. Based on the court's review of the documents filed by Plaintiff after the Report, Plaintiff has failed to provide additional facts or allegations to remedy those deficiencies. Consequently, the court adopts the reasoning of the Report and finds summary dismissal is appropriate based on Plaintiff's deficient pleadings.

Additionally, Plaintiff was advised in multiple ways of the need to provide the court with his address should it change. [*See* ECF Nos. 1-2 at 11; 5 at 3; 10 at 3.] He has not done so, as this court's most recent communication to him, which was sent the day after the Report, was returned as undeliverable due to Plaintiff's release. [*See* ECF No. 24.] The court finds it appropriate to dismiss this action based on the failure to prosecute, as well.

After a thorough review of the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, adopts the Report, ECF No. 17, and incorporates the Report by reference herein. Accordingly, this action is **DISMISSED** without prejudice and without issuance and service of process.

    **IT IS SO ORDERED.**

/s/ Sherri A. Lydon
United States District Judge

March 14, 2023
Columbia, South Carolina